UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

v.                              :        CRIMINAL NO. 3:25-86

JOHN CHARLES EHRHARD,           :        (JUDGE MANNION)

Defendant                       :

## MEMORANDUM

Pending before the court is defendant John Charles Ehrhard's motion to sever defendants for trial. (**Doc. 91**). For the reasons stated herein, the defendant's motion will be **DENIED**.

## I.   BACKGROUND

On April 8, 2025, a federal grand jury issued a superseding indictment charging defendants John Charles Ehrhard and Eli Valentine Calero with one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §846. (Doc. 18). It further charged Ehrhard with five counts of distribution of a controlled substance, in violation of 21 U.S.C. §841, one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §841, one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(i), and one count of possession of a firearm and ammunition as a prohibited person, in violation of 18 U.S.C. §922(g). *Id.* As

for Calero, he was also charged with one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §841. *Id.*

The indictment stems from an alleged conspiracy between the two defendants to "knowingly, intentionally and unlawfully distribute and possess with the intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine." *Id.* at 1-2.

On April 13, 2026, defendant Ehrhard filed the present motion to sever, as well as an accompanying brief in support. (Docs. 91, 92). On April 20, 2026, the Government filed a brief in opposition. (Doc. 93). Ehrhard did not file a brief in reply to the Government's brief in opposition. The motion is now ripe for disposition.

## II.    LEGAL STANDARD

The purpose of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968). Federal Rule of Criminal Procedure 8(b) addresses the joinder of defendants and provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions,

- 2 -

constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In *United States v. Adens*, the court stated "[w]hen multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses." 2015 WL 894205, *1 (E.D.Pa. Feb. 27, 2015) (citing *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003)).

In *United States v. Mayhams*, the court discussed Rule 8(b) and explained that:

> Rule 8(b) embodies "the fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." *United States v. Jimenez*, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); *Irizarry*,

- 3 -

341 F.3d at 287 n.4). Nevertheless, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *Irizarry*, 341 F.3d at 289 n. 5 (quoting *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988)).

2018 WL 6524394, *4 (M.D. Pa. Dec. 12, 2018).

However, [i]f joinder is improper under Rule 8, "the Court must order separate trials." *Adens*, 2015 WL 894205, at *2 (citing *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011)) ("Rule 8 requires severance where defendants were improperly joined").

Even if defendants are properly joined under Rule 8, "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" *Id.* (citing Fed. R. Crim. P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro*, 506 U.S. at 539).

- 4 -

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" *Id.* (quoting *United States v. Serubo*, 460 F.Supp. 689, 694 (E.D.Pa. 1978)); *see also Jones*, 2016 WL 3067010, \*26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government") (citations omitted).

## III.  DISCUSSION

Ehrhard argues that he should be tried separately from Calero because he will be prejudiced by the disparity in culpability between them, as well as by evidence relating to Calero's pending homicide charge in Lackawanna County. (Doc. 92 at 5). He claims that "[t]hese factors seriously undermine [his] right to be presumed innocent and to receive a fair trial." *Id.* However,

- 5 -

the Government has clarified that it "does not intend to introduce any evidence that would not be admissible against both defendants . . . [nor] to present evidence regarding Calero's pending homicide charges in Lackawanna County." (Doc. 93 at 10-11). Considering Ehrhard's argument as well as the Government's clarification, the court finds that severance is not warranted.

It is standard practice to conduct a joint trial for defendants charged in the same indictment. *Zafiro*, 506 U.S. at 537 ("There is a preference in the federal system for joint trials of defendants who are indicted together"). Indeed, the Third Circuit has long expressed a preference for joint trials where defendants are charged with conspiracy. *See United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986) (finding that participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if evidence against one is more damaging than that against another). In cases where defendants are alleged to have participated in a conspiracy, a joint trial on both the conspiracy and related counts "aid[s] the finder of fact in determining the full extent of the conspiracy and prevent[s] the tactical disadvantage to the government from disclosure of its case." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) (citation omitted); *see also United States v. Green*, 114 F.4th 163, 176 (3d

Cir. 2024) ("grouping defendants who are part of a single conspiracy into a single trial makes intuitive sense. Because a coconspirator's crime is an agreement to commit another crime, trying together all the parties to that agreement is both efficient and a better means of presenting the scope of a criminal conspiracy to a jury").

Furthermore, severance under Rule 14 is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Where, as here, there may be risk of prejudice against one defendant because of evidence against his codefendant, "the question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)). Further, jury instructions directing separate consideration of each defendant are "persuasive evidence that refusals to sever did not prejudice [a] defendant." *Id.* at 171 (internal citation omitted). Contrary to Ehrhard's belief, the court finds that it can, to the extent necessary, mitigate any prejudice that may be caused by a joint trial with proper limiting instructions, enabling the jury to "compartmentalize," rather

than granting the more extreme remedy of severance. *See* 3d Cir. MJI 3.12-3.15; *see also United States v. Brown*, 849 F.3d 87, 92 (3d Cir. 2017) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion").

Thus, the court finds that severance is not warranted. If the court determines at trial that it is necessary to prevent evidence against Calero from prejudicing Ehrhard, the court will provide the jury with limiting instructions, which will address Ehrhard's concerns without undermining judicial economy or placing the Government at a tactical disadvantage.

## IV.    CONCLUSION

For the aforementioned reasons, Ehrhard's motion will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

DATE: 5/8/26
25-86-02

- 8 -